UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BP WEST COAST PRODUCTS LLC, | CASE NO. C11-6074 MJP |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS AND GRANTING COUNTER-DEFENDANTS' MOTION TO DISMISS |
| v. | |
| SKR, INC., et al., | |
| Defendants, | |
| v. | |
| JEFFREY CARY, et al. | |
| Third-Party Defendants. | |

This matter comes before the Court on Plaintiff BP West Coast Products LLC's ("BP") motion to dismiss and Third-Party Defendants' motion to dismiss. (Dkt. Nos. 28, 29.) Having reviewed the motions, the responses (Dkt. Nos. 32, 33), the replies (Dkt. Nos. 40, 41), the Court GRANTS in part and DENIES in part BP's motion, and GRANTS the Third-Party Defendants' motion.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO DISMISS AND
GRANTING COUNTER-DEFENDANTS'
MOTION TO DISMISS- 1

## Background

BP filed sued against Defendants SKR, Inc., Sherif K. Riad and his wife (collectively "SKR"), for violating certain franchising agreements, deed restrictions and trademark rights. SKR operates two gasoline stations—one in Vancouver, Washington, and one in Beaverton, Oregon. As alleged, SKR refuses to sell Arco branded gasoline and am/pm products, which BP alleges is a breach of the franchising agreements SKR entered into, and certain deed restrictions and real estate agreements. The case is similar to, but not consolidated with a lawsuit BP filed in this Court: BP West Coast Products LLC v. Shalabi, et al., No. C11-1341 MJP. The defendants in both cases are different and the counterclaims both sets of defendants plead contain differences. However, both sets of defendants are represented by the same counsel and the claims, defenses, and counterclaims share much in common.

SKR has filed counterclaims against BP and several individual BP employees as Third-Party Defendants. SKR pursues counterclaims for: (1) breach of contract; (2) violations of Washington's Franchise Investment Protection Act ("FIPA"), Oregon's Motor Fuel Franchise Act ("OMFFA") and Washington's Gasoline Dealer Bill of Rights Act ("GDBRA"); (3) violations of the Consumer Protection Act ("CPA"); (4) fraud and misrepresentation; (5) equitable relief; and (6) declaratory relief.

BP seeks dismissal of these counterclaims. First, BP argues that the Court should simply apply its order granting in part and denying in part BP's motion to dismiss the counterclaims in the Shalabi case. BP offers little substantive argument to support its request. Second, BP targets certain new claims that it claims are different from the Shalabi case and that it believes are subject to dismissal.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO DISMISS AND
GRANTING COUNTER-DEFENDANTS'
MOTION TO DISMISS- 2

1    Third-Party Defendants Jeffrey Cary, William Fry, Robert Motley, and Richard Schott
2  (collectively "Third-Party Defendants") seek dismissal on the grounds that there is no personal
3  jurisdiction over them, they were not timely served, and none of the claims against them alleges
4  they engaged in any improper conduct.

**Analysis**

6  A.    Standard

7    "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
8  accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556
9  U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
10 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
11 statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). A plaintiff must "provide
12 the 'grounds' of his 'entitle[ment] to relief.'" Twombly, 550 U.S. at 555 (citations omitted). "A
13 pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause
14 of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

15 B.    BP's Request to Dismiss Similar Claims

16    The Court agrees with SKR that BP's request to have the Court simply apply its ruling in
17 the Shalabi case to the counterclaims here is improper. The two cases are not consolidated and
18 the counterclaims are not entirely identical, as BP admits. While it may be convenient for BP,
19 this briefing tactic puts the onus on the Defendants and Court to try to sort out how an order in a
20 related, but unconsolidated case might apply to a different set of counterclaims. This is not
21 proper and the Court rejects the invitation to do BP's briefing work for it. The Court will permit
22 BP a second motion to dismiss these counterclaims, but only where the basis for dismissal is

1 clearly articulated as to the specific counterclaims at issue.  The Court thus DENIES the motion
2 to dismiss those SKR counterclaims identified as being identical to those in the <u>Shalabi</u> action.

3 C.      <u>Common Law and Statutory Fraud Claims Inadequately Pleaded</u>

4       BP correctly argues that SKR's statutory and common law fraud and misrepresentation
5 claims predicated on purported lies about profit increases SKR could enjoy after remodeling are
6 flawed.

7       To prevail on a common law claim of fraud, the plaintiff must establish each of the
8 following elements:

> (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the trust of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff.

<u>Stiley v. Block</u>, 130 Wn.2d 486, 504 (1996).  As to existing facts, a promise to perform a future act does not constitute a representation of an existing fact. <u>Stiley</u>, 130 Wn.2d at 505-06. Predications as to future results or events cannot support a fraud claim. <u>Owen v. Matz</u>, 68 Wn.2d 374, 375 (1966) ("[T]he Court finds that any statements that were made by the plaintiffs to the defendants relative to income that the defendants could expect to make from the premises were not representations of an existing fact, but were only predictions as to future earnings, and the defendants had no right to rely thereon.").

     SKR cannot base any fraud or misrepresentation claims on the allegation that BP misled it about a possible 30% increase in sales and profits after remodeling.  The alleged statements are only about predicted future increases in revenue or expected profits.  These are not misrepresentations or lies about existing facts.  This makes any claims based on the statements untenable as common law or statutory fraud or misrepresentation claims.  The claims in the

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO DISMISS AND
GRANTING COUNTER-DEFENDANTS'
MOTION TO DISMISS- 4

1  Fourth, Fifth and Eighth Causes of Action related to this misrepresentation are DISMISSED.

2  This applies equally to the Washington and Oregon statutory claims.

3  D.      Common Law and Statutory Fraud Claims

4          BP is only partly correct in its assertion that SKR's Washington common law and
5  statutory fraud and misrepresentation claims should be dismissed as untimely.

6          The statute of limitations for common law fraud, negligent misrepresentation, and fraud
7  under FIPA and the GDBRA is three years.  RCW 4.16.080(4); RCW 19.120.902; see Rand v.
8  CM Franchise Sys., Inc., 149 Wn. App. 1023, at *2 (2009) (unpublished).  The statute is subject
9  to the discovery rule, and the period does not begin to until the plaintiff knows of the fraud or
10 should have known about it through reasonable diligence.  Crisman v. Crisman, 85 Wn. App. 15,
11 20 (1997).  "When a motion to dismiss is based on the running of the statute of limitations, it can
12 be granted only if the assertions of the complaint, read with the required liberality, would not
13 permit the plaintiff to prove that the statute was tolled."  Jablon v. Dead Witter & Co., 614 F.2d
14 677, 682 (9th Cir. 1980).

15         SKR's fraud and misrepresentation claims related to the profit margins are not clearly
16 barred by the statute of limitations.  SKR purchased the station on December 7, 2007, and claim
17 that in April 2007 they were misled by Marty Cuneo about the profit margins that existed and
18 what they could expect.  (Am. Answer ¶¶ 35, 39.)  SKR began operating the station after
19 purchase and allege that "[t]he represented gross sales were not produced and could not be
20 produced by the represented profit margins, as [SKR] learned in operating the franchise after
21 they purchased it."  (Id. ¶ 35.)  SKR filed this counterclaim in February 2012, meaning that the
22 discovery period would have to be tolled from April 2007 to February 2009 for it to be timely
23 filed as to all Washington-based claims.  From December 2007 to February 2009, SKR operated

24
ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO DISMISS AND
GRANTING COUNTER-DEFENDANTS'
MOTION TO DISMISS- 5

1  the gas station for more than 12 months.  The Court is not convinced that this is necessarily

2  sufficient time to verify that the statements made were untrue, and SKR may be able to

3  demonstrate the statute was tolled.  The complaint's allegations do not foreclosure this

4  possibility.  The Court thus DENIES the motion as to the claims arising out of these purported

5  misrepresentations.

6       SKR's fraud and misrepresentation claims related to the septic system are barred by the

7  statute of limitations.  SKR claims BP misrepresented the condition of the septic system in April

8  2007, stating that the tank did not need to be hooked up to the city sewer.  (Am. Compl. ¶ 37.)

9  However, SKR also claims that when they remodeled in 2008, they learned this was false and

10 had to spend $45,000 to connect to the city sewer.  (Id.)  SKR has thus pleaded knowledge of the

11 misrepresentation as of 2008, which required it to have filed the claim by 2011.  SKR waited

12 until February 2012, and the claim is now untimely.  The Court DISMISSES the common law

13 and statutory fraud and misrepresentation claims (the Fourth, Fifth and Eighth Causes of Action)

14 related to this purported misrepresentation.

15 E.     Oregon Franchise Laws

16      BP asks the Court to dismiss any claims premised on OMFFA's "relationship provisions"

17 to the same extent it did in the Shalabi case.  There is no opposition to this request, and the Court

18 dismisses these claims.

19      The Court clarifies two issues.  First, BP correctly points out two claims are not

20 cognizable under OMFFA that are otherwise valid under FIPA and the GDBRA.  The OMFFA

21 does not have anti-discrimination and reasonable price provisions, and no OMFFA claims can be

22 premised on those sections.  Second, although the Court does not wish to simply apply wholesale

23 its decision in Shalabi, it finds it proper to do so here as to the OMFFA given SKR's total lack of

24

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO DISMISS AND
GRANTING COUNTER-DEFENDANTS'
MOTION TO DISMISS- 6

opposition and the inadequacy of the allegations pursuant to Rule 8(a). The Court thus DISMISSES all non-fraud based OMFFA claims.

F.    Declaratory Judgment: Right to Terminate Am/Pm Agreements

BP seeks dismissal of the Third Cause of Action, which asks the Court to find SKR has a right to terminate the am/pm agreements. BP asserts that SKR has failed to identify any provisions of the am/pm agreements that BP has purportedly breached that might enable SKR to terminate the agreements. The Court agrees. This is inadequate as a matter of pleading and the claim is DISMISSED.

G.    GDBRA Vertical Price Fixing

BP correctly seeks dismissal of the vertical price-fixing claims under the GDBRA arising outside of the two-year time limit for such claims. In Washington, statutes that do not have a time limit are subject to the two-year catch-all time limit provision of RCW 4.16.130. Claims under RCW 19.120.060(4) (part of the GDBRA) are subject to this provision because no time limit is specified. As such, any claims under the GDBRA's vertical price-fixing provision can only reach back as far as February 1, 2010.

H.    Equitable Counterclaims

BP asks the Court to dismiss all equitable counterclaims for quasi-contractual relief because an express contract already covers the same subject matter and parties. This request is denied.

Generally, "[a] party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter, in contravention of the express contract." Chandler v. Wash. Toll Bridge Auth., 17 Wn.2d 591, 604 (1943). SKR's money had and received and unjust enrichment claims are

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO DISMISS AND
GRANTING COUNTER-DEFENDANTS'
MOTION TO DISMISS- 7

based on quasi contract or implied contract principles.  <u>Coast Trading Co., Inc. v. Parmac, Inc.</u>, 21 Wn. App. 896, 902 (1978) (money had and received); <u>McDonald v. Hayner</u>, 43 Wn. App. 81, 85 (1986) (unjust enrichment).  However, even if a contract does exist, "a claim for unjust enrichment may survive a motion to dismiss if a plaintiff challenges the validity of the contract." <u>Vernon v. Qwest Commc'ns Int'l, Inc.</u>, 643 F. Supp. 2d 1256, 1267 (W.D. Wash. 2009).

Because SKR has adequately alleged at least one claim of fraud related to the purchase of the stations (which induced the purchase), its equitable counterclaims are not necessarily barred. SKR has also alleged a purported fraud claims tied to statements about illegal tying arrangements and gasoline pricing. But an examination of these claims shows that they lack any allegations that they induced SKR to make the purchases.  As such, they do not show a valid fraudulent inducement claim that might defeat the bar to quasi-contract claims.  Be that as it may, the Court cannot grant BP's request to dismiss the equitable counterclaims.  The Court DENIES the motion on this issue.

I.      Leave to Amend

SKR asks the Court for leave to amend any of flawed counterclaims.  BP unconvincingly argues that the Court should hold against SKR the fact that it had the benefit of the briefing and rulings in the <u>Shalabi</u> matter to properly plead its counterclaims.  The Court finds no authority for this proposition and finds it inequitable.  The Court GRANTS SKR leave to amend.  Any amendment must be made within 15 days of entry of this order.

J.      Third Party Defendants' Motion to Dismiss

The Third-Party Defendants Cary, Fry, Motley, and Schott properly seek dismissal.

First, the Court finds, as it did in <u>Shalabi</u>, that it lacks personal jurisdiction of Fry and Motley.  As the Court found in <u>Shalabi</u>, and as is true here, there are no facts showing Fry and

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO DISMISS AND
GRANTING COUNTER-DEFENDANTS'
MOTION TO DISMISS- 8

Motley have minimum contacts with Washington. They are DISMISSED for lack of personal jurisdiction.

Second, as to Cary and Schott, SKR failed to timely serve them. The court DISMISSES the counterclaims against them under Rule 4(m), as it did in Shalabi.

The Court thus GRANTS the motion in full.

## Conclusion

The Court GRANTS in part and DENIES in part BP's motion. The Court agrees with SKR that it would be improper to dismiss those counterclaims BP seeks to have dismissed solely by the Court adopting and applying its decision in Shalabi to the counterclaims here. BP must actually identify which specific counterclaims it seeks to dismiss and provide substantive briefing as to why they should be dismissed. The Court DENIES the motion as to these claims, but GRANTS BP leave to file a second motion to dismiss to this effect. The Court agrees with SKR that it has properly plead a claim for common law and statutory fraud and misrepresentation related to the representations about expected profits at the gas stations. The Court DENIES the motion as to this counterclaim, but GRANTS the motion the other two statutory and common law fraud and misrepresentation counterclaims BP identifies. The Court also agrees with BP that the third cause of action for declaratory relief and OMFFA counterclaims are inadequately pleaded. They are DISMISSED. The Court finds the equitable counterclaims remain active because of the one surviving fraudulent inducement claim. Any vertical price-fixing counterclaims under the GDBRA are also limited to a two-year period. The Court GRANTS SKR leave to amend. Any amendment must be made within 15 days of entry of this order.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO DISMISS AND
GRANTING COUNTER-DEFENDANTS'
MOTION TO DISMISS- 9

1    The Court GRANTS the Third-Party Defendants motion to dismiss. The Court lacks
2 personal jurisdiction over Fry and Motley, and SKR failed to timely serve Schott and Cary. No
3 leave to amend is granted, as these are incurable defects.
4    The clerk is ordered to provide copies of this order to all counsel.
5    Dated this 10th day of September, 2012.

Marsha J. Pechman
Chief United States District Judge