UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BP WEST COAST PRODUCTS LLC,<br><br>                     Plaintiff,<br><br>         v.<br><br>SKR INC,<br><br>                     Defendant. | CASE NO. C11-6074 MJP<br><br>ORDER GRANTING PARTIAL SUMMARY JUDGMENT AND ORDER OF EJECTMENT |

THIS MATTER comes before the Court on Plaintiff BP's motion for partial summary judgment on the right to possession of a gas station owned by BP and subleased by Defendant SKR, at 14555 S.W. Tualatin Valley Highway, Beaverton, Oregon, 97066 ("the Property"). (Dkt. No. 34 at 2.) BP asks for an order ejecting SKR from the Property and restoring possession to BP. Having considered the motion (Dkt. No. 34), response (Dkt. No. 42), reply (Dkt. No. 44) and all related documents, this Court GRANTS partial summary judgment and EJECTS SKR from the property.

**Background**

BP filed suit against SKR, Inc., Sharif K. Riad and his wife (collectively "SKR") alleging SKR refuses to sell their branded products in violation of certain franchising agreements, deed restrictions, and trademark rights. (Dkt. No. 1.) SKR operates two gasoline stations, including one in Beaverton, Oregon, subleased from BP. BP's lease on the property in Oregon extends to June 30, 2014. (Dkt. No. 34 at 2.) BP entered into the "am/pm® Lease PMPA Franchise Agreement" to sublease the property to SKR ("the sublease"). (Dkt. No. 36-1). The sublease became effective October 1, 2008, set to expire September 30, 2011. Id. at 1.

BP contends they terminated the sublease on October 28, 2011, after the end of the sublease term, or SKR terminated the lease by sending notice on November 14, 2011 to BP purporting to terminate the franchise agreement. (Dkt. No. 44.) BP notes that SKR, in its Answer to this lawsuit, agreed that the franchise agreement was terminated. (Dkt. No. 21 at 2.) BP argues the franchise agreement and sublease are one in the same, entitling them to possession of the land. (Dkt. No. 34 at 4.) SKR argues they did not terminate the sublease by their November 14th letter, but only the Gasoline Dealers Agreement (GDA) or franchise agreement.

**Analysis**

A.   Standard for Summary Judgment

Summary judgment is only available when there is no disputed issue of fact for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party has the

burden to demonstrate the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). If this is done, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. Id. at 324.

B.   Orders of Ejectment

To bring an action for ejectment, a party must have legal estate in the property involved, as well as the present right to possession thereof. Eggen v. Wetterborg, 237 P.2d 970, 974 (1951). There is no dispute as to BP's legal estate in the property. (Dkt. No. 34 at 2.) The only dispute regards the continuing validity of the sublease and the right to present possession. If the sublease was terminated, BP has both legal estate and the right to present possession, and SKR should be ejected. (Dkt. No. 36-1 at 23.)

C.   Status of the Sublease

According to Oregon law, "The rules applicable to the construction of written contracts in general are to be applied in construing a written lease. Such a contract must be considered as a whole, and from such examination the intent of the parties must be gathered. Such construction should be given the agreement, if possible, as will render all its clauses harmonious, so as to carry into effect the actual purpose and intention of the parties as derived therefrom." Eggen v. Wetterborg, 237 P.2d 970, 974 (1951). The Petroleum Marketing Practices Act, 15 USC §2801, (PMPA), which governs and is referenced by the BP/SKR agreement, has been interpreted by the 9th Circuit as requiring that a franchise agreement containing both the lease of real property and a

1  motor fuel supply agreement be construed together. Prestin v. Mobil Oil Corp., 741 F.2d 268 (9th

2  Cir. 1984).  If SKR terminated part of the am/pm® Lease PMPA Franchise Agreement, they

3  terminated the whole.

4       On November 14, 2011, a letter was sent on behalf of SKR by Mr. David A. Schiller to

5  BP entitled "Notice of Failure to Cure Events of Default and Termination of Gasoline Dealers

6  Agreement for Failure to Cure and for continued Violation of Washington, California, and

7  Oregon State Law" (Dkt. No. 35-2.) This letter purports to "terminate the Gasoline Dealers

8  Agreement." (Dkt. No. 35-2 at 3.) BP correctly maintains there is no separate "Gasoline

9  Agreement," but an integrated contract including both the franchise obligations and the sublease

10 of the land.

11      The sublease agreement integrates the use of the land and the other franchise obligations

12 in such a way that the document must be taken as a whole. Based on SKR's letter and their

13 Answer in this case, SKR agrees no franchise relationship exists. SKR cannot have it both ways.

14 If no valid franchise relationship exists the sublease has been terminated, leaving no remaining

15 question of fact.

16

17                                    **Conclusion**

18      It is agreed that SKR terminated and intended to terminate at least part of the sublease

19 and franchise agreement.  It is a question of law as to whether SKR can terminate part of the

20 agreement without terminating the whole. Finding they cannot, this Court GRANTS partial

21 summary judgment as to BP's right to the property and EJECTS SKR from the property.

22

23      The clerk is ordered to provide copies of this order to all counsel.

24

Dated this 17th day of October, 2012.

*[signature]*

Marsha J. Pechman
Chief United States District Judge

ORDER GRANTING PARTIAL SUMMARY
JUDGMENT AND ORDER OF EJECTMENT- 5